**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5159**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

ALISON LEVON BOYD, a/k/a Alyson Levon Boyd,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Malcolm J. Howard, Senior District Judge. (1:08-cr-00493-MJH-1)

Submitted: May 2, 2011          Decided: May 17, 2011

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICES OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Allison W. Smith, Third Year Law Student, WAKE FOREST UNIVERSITY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alison Levon Boyd entered a conditional guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), reserving the right to challenge the district court's denial of his motion to suppress the firearm seized during the search of his car. Boyd claims he did not give his consent to search the car and even if he did, his consent was not voluntary.[*] We affirm.

On appeal from a district court's denial of a suppression motion, factual findings are reviewed for clear error and legal determinations are reviewed de novo. See United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007). Although the Fourth Amendment generally prohibits warrantless searches, the general requirement for a warrant does not apply where valid consent to the search is given. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); Buckner, 473 F.3d at 553-54. "Consent to search is valid if it is (1) knowing and voluntary and (2) given by one with authority to consent." Buckner, 473 F.3d at 554 (internal quotation marks and citations omitted). Whether a defendant's consent to a search is voluntary is a factual question determined under the totality of the circumstances and,

---

[*] Boyd does not challenge on appeal the district court's denial of his motion to suppress the statements he made after the gun was seized.

accordingly, is reviewed under the clearly erroneous standard. Bustamonte, 412 U.S. at 248-49; United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004).

While the Government has the initial burden at a suppression hearing to prove that consent was freely and voluntarily given, Buckner, 473 F.3d at 554, when a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). This court gives due regard to the district court's opportunity to judge the credibility of witnesses and does not review credibility determinations. United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995). Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not clearly err in determining that Boyd voluntarily consented to the search of his car.

The district court's finding that Boyd gave his consent to search the car, based on the testimonies offered by two police officers, is not clearly erroneous. Likewise, there was no clear error in the court's finding that Boyd's consent was given voluntarily. The court found no credible evidence that Boyd was coerced or threatened to give consent or that he was unable to provide consent.

3

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED